IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKHIEL[1] LEINWEBER,

    Plaintiff,                    No. CIV S-06-1068 MCE DAD P

    vs.

STEVE MOORE, Warden, et al.,        ORDER AND

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        By order filed May 30, 2006, plaintiff's application to proceed in forma pauperis was denied without prejudice and plaintiff was granted thirty days to file a new application. Plaintiff's application to proceed in forma pauperis filed on June 26, 2006, makes the showing required by 28 U.S.C. § 1915.

/////

---

[1] The caption of plaintiff's complaint identifies his name as Mihiel Leinweber. The inmate appeal attached to the complaint shows that the correct spelling of plaintiff's first name is "Mikhiel."

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss a prisoner's claims if they are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Similarly, when any plaintiff seeks leave to proceed in federal court in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court will accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court will also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff is a state prisoner confined in California State Prison, Sacramento. His claims arose at Deuel Vocational Institution (DVI) in 2005. The three

1  defendants are Steve Moore, warden of DVI; Rudy Martinez, correctional officer at DVI; and H.
2  Hughes, correctional lieutenant at DVI.
3          Plaintiff alleges erroneously that he has brought no other lawsuits. This court's
4  records reveal that plaintiff filed four previous lawsuits in this district.[2] Those four lawsuits are:
5  <u>Mikhiel J. Leinweber v. Stanislaus County Sheriff</u>, case No. CIV S-04-1163 GEB GGH P (a civil
6  rights action dismissed Dec. 7, 2004, for failure to file an amended complaint); <u>Mikhiel J.
7  Leinweber v. Stanislaus County Sheriffs, et al.</u>, case No. CIV S-04-1227 WBS DAD P,
8  transferred to the Fresno Division and assigned case No. CIV F-04-6021 OWW LJO P (a civil
9  rights action dismissed Nov. 12, 2004, for failure to file an in forma pauperis application);
10 <u>Mikhiel J. Leinweber v. Stanislaus County Sheriff</u>, case No. CIV S-04-1229 WBS GGH P,
11 transferred to the Fresno Division and assigned case No. CIV F-6060 REC TAG P (a habeas
12 action dismissed Jan. 19, 2005, for failure to allege habeas claims); and <u>Mikhiel J. Leinweber v.
13 Assistant Sheriff Larson</u>, case No. CIV S-04-1351 LKK GGH P, transferred to the Fresno
14 Division and assigned case No. CIV F-6077 REC DLB P (a civil rights action dismissed Dec. 10,
15 2004, for failure to file an in forma pauperis application). Plaintiff is cautioned that civil
16 complaints filed in federal district courts when he is a prisoner must include information about
17 all cases he has brought while a prisoner, regardless of the courts in which the cases were brought
18 and regardless of whether the cases are pending or closed.
19         Plaintiff alleges that he exhausted administrative remedies by completing the
20 CDCR grievance process. Documents attached to the complaint demonstrate that plaintiff filed
21 an inmate appeal on September 17, 2005, pursued the appeal to the director's level, and received
22 a director's level decision on March 29, 2006.
23 /////
24 /////
25
26     [2] A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

3

Plaintiff's statement of claim is as follows:

> On 9-17-06 [sic] C/O rudy martinez made sexual comments to me in which he was referring to my mother a retired Correctional Officer he worked with for several years, at Duel [sic] Vocational Institution.
> On 11-1-05 Lt. H. Hughes denied my complaint after receiving detailed letters from my mother which outlined his prior misconduct of like offenses. All of these letters are enclosed with responses.
> Through the entire process Warden Steve Moore failed to take any action.

(Compl. at 2.) Plaintiff seeks only declaratory relief:

> I am seeking the court to grant relief by a finding that I was subject so [sic] sexual harassment by a correctional Officer, and that I was subject to cruel and unusual punishment by this sexual harassment.

(Id.)

In his inmate appeal, plaintiff set forth this description of the problem:

> C/O R. Martinez has made sexual comments to me about my mother, who is a retired C/O, that use [sic] to work at D.V.I., i.e. - "your mother always wanted to suck this" while pointing toward his genitles [sic] - and "your mother was a bitch and your [sic] just like her." These actions are unbecoming of a peace officer, sexual harassment to me, and falls far below the standard set forth in Penal Code 6035.

(Id. at 6.) He requested disciplinary action:

> C/O R. Martinez should be placed on administrative leave pending a full investigation. When my allegations are confirmed by the many witnesses, C/O Martinez should be removed from the department - but at least an adverse action.

(Id.) At the first formal level, defendant Hughes interviewed plaintiff, defendant Martinez, and an inmate witness identified by plaintiff. Plaintiff indicated that he had nothing to add except the name of the inmate witness. The officer denied making inappropriate statements about plaintiff's mother, and the inmate witness denied having any knowledge of the conduct alleged by plaintiff. The appeal was denied as unfounded. At the second formal level, a correctional counselor

4

reviewed the documents submitted by plaintiff, and the chief deputy warden denied the appeal on the ground that the allegation of staff misconduct was unfounded. At the director's level, the matter was reviewed by an appeals examiner, all submitted documentation and arguments were considered, and the appeal was denied.

The supporting documentation attached to plaintiff's complaint consists of letters written by plaintiff's mother to defendant Moore and the director of the CDCR. In these letters, plaintiff's mother reported plaintiff's complaints of bullying and harassment by defendant Martinez. She stated that defendant Martinez had engaged in misconduct, including rude and sexual remarks, when she worked with him at DVI, although she did not report any of his misconduct.

In his complaint, plaintiff alleges under penalty of perjury that defendant Martinez made sexual comments about plaintiff's mother on one date. In his inmate appeal, plaintiff quoted two remarks. The only inmate witness identified by plaintiff during his inmate appeal denied having any knowledge of the conduct alleged by plaintiff. Despite plaintiff's assertion in the inmate appeal that he had many witnesses, he has not supported his civil rights complaint with the declarations of any person who witnessed the alleged sexual harassment. Plaintiff's mother was not a witness, and her letters reporting what plaintiff told her do not constitute evidence that plaintiff was in fact subjected to sexual harassment by defendant Martinez in September 2005.

Plaintiff's claim of sexual harassment based solely on two remarks made on a single date fails to state an Eighth Amendment claim on which relief can be granted. Even when plaintiff's allegations are taken as true, as they must be for screening purposes, the allegations fail to establish that defendant Martinez engaged in conduct that violated the Eighth Amendment.

In general, allegations of verbal harassment or abuse do not state a claim cognizable under 42 U.S.C. § 1983. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (abusive language directed at the prisoner's religious and ethnic background was insufficient to

state a constitutional deprivation). While there are circumstances in which harassment may rise to the level of cruel and unusual punishment, plaintiff's allegations do not rise to that level. Compare Hudson v. Palmer, 468 U.S. 517, 528-30 (1984) (malicious cell searches and "calculated harassment unrelated to prison needs" may implicate the Eighth Amendment), and Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (an Eighth Amendment claim was stated where a female correctional officer sexually harassed two male inmates on an almost daily basis for two months by conducting pat-down searches that included deliberate examination of the inmates' genitalia and anus), with Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) ("disrespectful and assaultive comments" were not enough to implicate the Eighth Amendment where there was no indication that the prison guards' comments were unusually gross even for a prison setting or that the comments were calculated to and did cause psychological harm to the prisoner), Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state a constitutional violation), and Minifield v. Butikofer, 298 F. Supp. 2d 900, 902-03 (N.D. Cal. 2004) (sexual comments and gestures by two officers did not implicate Eighth Amendment where neither officer exposed his genitals or touched the prisoner in a sexual manner). Mere verbal abuse, without more, does not state an Eighth Amendment claim. Schwenk v. Hartford, 204 F.3d 1187, 1197-98 (9th Cir. 2000) (distinguishing mere verbal abuse from a prisoner's Eighth Amendment right to be free from sexual abuse).

Plaintiff's allegations against defendants Hughes and Moore are also frivolous, both factually and legally. There is no legal support for plaintiff's suggestion that the defendants should have granted his inmate appeal solely on the basis of allegations made by a non-witness who failed to report misconduct she observed but did not report in the past. The letters from plaintiff's mother provided no direct evidence of sexual harassment by defendant Martinez.

It does not appear that plaintiff can amend his pleading to state a § 1983 claim against any defendant in this action. Plaintiff's in forma pauperis application should be denied

and this action should be dismissed with prejudice. See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

Accordingly, IT IS ORDERED that the Clerk of the Court shall amend the docket for this action to reflect that plaintiff's first name is spelled Mikhiel; and

IT IS RECOMMENDED that:

1. Plaintiff's June 26, 2006 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice as legally and factually frivolous and for failure to state any claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
lein1068.56